**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUSTIN HILL,

Defendant - Appellant.

No. 25-5003

D.C. No.
1:24-cr-00026-DKW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 29, 2026[**]

Before:     McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Dustin Hill appeals from the district court's judgment and challenges the court's imposition of a special condition of supervised release following his guilty-plea conviction for sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e). We have jurisdiction under 28 U.S.C. § 1291, and we vacate in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part and remand.

Hill challenges Special Condition No. 5, which requires him to participate in a sex offender assessment and treatment, and states that his "probation officer . . . will supervise [his] participation in the program (provider, location, modality, duration, and intensity)." The government concedes, and we agree, that this provision impermissibly delegates to the probation officer the "power to decide the nature or extent of [Hill's] punishment." *United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022) (internal quotation marks omitted). Because this plain error affects Hill's substantial rights, *see id.* at 1152-53, we vacate Special Condition No. 5 and remand for resentencing so that the district court can clarify the scope of authority delegated to the probation officer consistent with our decision in *Nishida*.

**VACATED in part and REMANDED for resentencing.**